PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2000 Chrysler Concord struck a hole as he was driving on 1-64 in Cabell County at the 16th Street overpass. 1-64 is a road maintained by respondent. The Court is of the *26 opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 4:3 0 p .m. on March 27, 2008. The speed limit on 1-64 at the 16th Street overpass is fifty miles per hour. At the time of the incident, the claimant was driving to work at approximately fifty miles per hour when his vehicle struck a hole on the decking of the bridge. The hole was approximately two and a half feet long and six to seven inches wide. The claimant testified that he was unable to maneuver his vehicle to avoid the hole because the other lanes of traffic were closed due to construction. As a result of this incident, the claimant’s vehicle sustained damage to its wheel ($320.12), tie rod ($126.14), and alignment ($45.53) in the amount of $491.79. Since claimant’s insurance deductible at the time of the incident was $250.00, his recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-64. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice ofthe defect and areasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. The size ofthe hole and its location leads the Court to conclude that respondent had notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may malee a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $250.00.
Award of $250.00.